United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41498
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-183-1
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jose Luis Gonzalez appeals his jury-trial conviction for

possession with intent to distribute more than five kilograms of

cocaine.  See 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

    Gonzalez first argues that the district court erred by not

allowing certain testimony from a law enforcement agent.  That

testimony concerned specific information about possible

sentencing reductions that the agent provided to Gonzalez during

his interrogation.  Because other law enforcement agents

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testified that Gonzalez already had confessed before being advised of possible sentence reductions, and because the jury heard some testimony that Gonzalez had been advised of the possibility of sentencing reductions during his interrogation, we conclude that any error in excluding the specific testimony was harmless.  See Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986) ("[A]n otherwise valid conviction should not be set aside if . . . the constitutional error was harmless beyond a reasonable doubt.").

Gonzalez also argues that the Government failed to prove that he knowingly possessed the type and amount of controlled substance alleged in the indictment.  As Gonzalez concedes, this argument is foreclosed by this court's decision in United States v. Gamez-Gonzales, 319 F.3d 695, 700 (5th Cir.), cert. denied 538 U.S. 1068 (2003).

AFFIRMED.